## APPEAL OF MAX D. STEUER.

Docket No. 4430.    Submitted October 28, 1925.    Decided January 28, 1926.

The March 1, 1913, value of property determined.

*Sidney Ehrlich, Esq.,* for the taxpayer.
*George G. Witter, Esq.,* for the Commissioner.

### Before SMITH, LITTLETON, and TRUSSELL.

This appeal is from the determination of a deficiency in income tax for 1921 in the amount of $16,052.89, only a part of this amount being in controversy. The question in issue is the loss sustained on property sold in 1921.

#### FINDINGS OF FACT.

The taxpayer is a resident of New York City. In 1903 he purchased the premises at 225 East Fifty-third Street, New York City, at a cost of

| | |
|---|---|
| Land | $31,000 |
| Building | 45,000 |
| Total | 76,000 |

He sold the premises in 1921 at a net price of $56,133.77. In his income-tax return for the year he determined his loss upon the transaction as follows:

| | |
|---|---|
| Cost and March 1, 1913, value | $76,000.00 |
| Selling price | 56,133.77 |
| Loss | 19,866.23 |

The Commissioner has computed the cost at $76,000, less depreciation for 18 years on $45,000—$16,200—balance $59,800; and on that basis fixed the deductible loss at $3,666.23. From the same data he

computed March 1, 1913, value at $67,000—$76,000 less depreciation for 10 years, $9,000—less depreciation to date of sale $7,200; loss on sale $3,666.23.

The March 1, 1913, value of the property in question was $67,000 and the depreciation sustained thereon from March 1, 1913, to the date of sale in 1921 was $7,200. The net loss resulting from the sale was $3,666.23.

#### DECISION.

The determination of the Commissioner is approved.

#### OPINION.

SMITH: In his appeal the taxpayer claims a loss upon the sale of the premises at 225 East Fifty-third Street, New York City, in 1921 of $12,666.23. He waives any question as to the correctness of the determination of the Commissioner that depreciation in the amount of $7,200 was sustained from March 1, 1913, to the date of sale, and that such depreciation should be taken into account in the determination of the profit from the sale. He contends, however, that the March 1, 1913, value was $76,000 instead of the amount allowed by the Commissioner, which is found to have been $67,000. In support of a March 1, 1913, value of $76,000 the taxpayer has submitted an appraisal made by an expert appraiser of New York City. This appraiser keeps careful record of sales of property in New York City. He states that, in his opinion, the fair market value of the property on March 1, 1913, was:

| | |
|---|---:|
| Land | $31,000 |
| Building | 45,000 |
| Total | 76,000 |

He further states that the following sales should be relevant:

*Sale February, 1906.*

No. 219 East 53rd Street, north side, 391.8 feet west of Second Avenue. Size 16.8 x 100.5. Building three (3) story brick tenement sold for $11,100.

*Sale April, 1906.*

No. 224 East 53rd Street, south side, 260 feet east of Third Avenue. Size 20 x 100.5. Building three (3) story dwelling sold for $12,000.

*Sale November, 1906.*

Nos. 226–228 East 53rd Street, south side, 299 feet west of Second Avenue. Size 40 x 100.11. Building six (6) story brick tenement sold for $64,900.

*Sale July, 1913.*

No. 234 East 53rd Street, south side, 230 feet west of Second Avenue. Size 20 x 100.5. Building three (3) story dwelling sold for $10,750.

Judging from these sales alone, it appears that the property located at 234 East Fifty-third Street sold in July, 1913, for $1,250 less than the property located at 224 East Fifty-third Street did in April, 1906. The size of each lot was the same and the improvements were the same, so far as the record discloses. These sales indicate a decline in values of the property in the neighborhood of taxpayer's property from 1906 to 1913. We think that such evidence is entitled to as much weight as the estimate of an appraiser made in 1924 or 1925 of the value of property in New York City in 1913. At any rate, we do not consider that the evidence is strong enough to overrule the determination of the Commissioner as to the value of the property on March 1, 1913. The property was tenement property and was subject to wear and tear during the entire period 1903 to 1913.